UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ruth Olson<br><br>Plaintiff,<br><br>vs.<br><br>Stellar Recovery Inc.,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT AND DEMAND FOR**<br><br>**JURY TRIAL** |

## PRELIMINARY STATEMENT

1) This is an action for damages brought by Plaintiff Ruth Olson, an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

## JURISDICTION

2) Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3) This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

4) Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5) Plaintiff Ruth Olson (hereinafter "Plaintiff") is a natural person residing in the County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6) Defendant Stellar Recovery, Inc., (hereinafter "Defendant"), is a Business Corporation, organized under the laws of Florida, operating from an address of: 4500 Salisbury Rd., Suite 105, Jacksonville, Florida 32216.

7) Defendant is primarily engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8) Plaintiff allegedly incurred a financial obligation with Comcast, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

9) The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

10) Sometime before 2017, the alleged debt was consigned, placed, sold, assigned or otherwise transferred to Defendant, Stellar Recovery, Inc., for collection from Plaintiff.

11) On or about November 13, 2017, Defendant sent an "email", which is a communication as defined by the FDCPA, to a third party at

Carter202@hotmail.com, which was addressed to Plaintiff pertaining to collection on a debt, allegedly owed by Plaintiff. (*See* Exhibit 1, Stellar Recovery email).

12) The email to a third party on behalf of Plaintiff did not include the phrase "this communication is from a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose" as required by 15 U.S.C §1692e(11). (*See id.*)

13) Defendant's email used the phrase, "This is a final notification email from Stellar Recovery about your service at: 7270 Guider Dr APT 202", which would mislead Plaintiff to believe she was served with a Summons and Complaint. (*Id.*)

14) Defendant violated 15 U.S.C. § 1682b(1) by contacting a person other than Plaintiff, and by failing to identify oneself and/or stating that this was a communication in an attempt to correct location information concerning Plaintiff.

15) Defendant violated 15 U.S.C. § 1682b(2) by contacting a person other than Plaintiff, and stating that Plaintiff owes any debt.

16) Defendant violated 15 U.S.C. § 1692e preface and e(10) because it used false, misleading and deceptive means in connection with the collection of Plaintiff's alleged debt when it contacted a third party in an attempt to collect a debt.

17) At no point did Plaintiff, Ruth Olson, provide Defendant with consent to contact any third party in regard to her debt, and had a reasonable expectation of privacy that pertinent information would only be addressed to her. Defendant's email to a third party was a clear violation of her privacy.

18) Plaintiff has incurred actual damages in the form anxiety, stress, feelings of hopelessness, restlessness and sleepless nights, as well as, other forms of emotional distress.

19) Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses, such as, attorney's fees, as a result of Defendant's acts and omissions.

## Respondeat Superior Liability

20) The acts and omissions of Defendant's employees who were employed as agents by Defendant, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

21) The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant in collecting consumer debts.

22) By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant.

23) Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

24) Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

25) Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

26) The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

27) As a result of said violations, Plaintiff has suffered actual damages in the form of anxiety, stress, feelings of hopelessness, restlessness and sleepless nights, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

28) As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

29) As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

# COUNT II.
## STELLAR RECOVERY'S INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30) Plaintiff incorporates by reference each and every above paragraph as though fully stated herein.

31) Defendant intentionally and/or negligently interfered, physically or otherwise, interfered with the solitude, seclusion and/or private concerns or affairs of Plaintiff.

32) Defendant intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

33) Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns or affairs.

34) The conduct of Defendant in engaging in the above-described illegal attempts to collect this debt resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

35) As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant under the doctrine of Respondeat Superior liability.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

- Plaintiffs' actual damages;
- Actual Damages resulting from Defendant's invasion of seclusion and other claims in an amount to be determined at trial;
- Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;
- Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;
- For declaratory that Defendant's conduct violated the FDCPA and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial;
- For such other and further relief as may deem just and proper.

**FIELDS LAW FIRM**

Dated: 12-14-17

By: _____
Blake R. Bauer
Attorneys for the Plaintiff
Attorney I.D. No.: 0396262
701 Washington Ave N, Suite 300
Minneapolis, MN 55401
Telephone: 612-370-1511
Blake@FieldsLaw.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF WASHINGTON      )

Ruth Olson, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Ruth Olson

Subscribed and sworn to before me
this _14_ day of _DECEMBER_ 2017.

_____
Notary Public

VIRGINIA E FISH
Notary Public
Minnesota
My Comm. Expires
Jan 31, 2020